Charese A. Rohny, OSB No. 953964
charese@rohnylaw.com
**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291
Facsimile: 503.248.9533
Of Attorneys for Plaintiff

Jason Kafoury, OSB 091200
jkafoury@kafourymcdougal.com
**Kafoury and McDougal**
320 SW Stark Street, Suite # 202,
Portland, Oregon 97204
Telephone: 503.224.2647
Of Attorneys for Plaintiff

FILED 12 JAN '12 16:05 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **DOUG JUSTUS** | Case No. CV'12 - 0068 HA |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | (42 U.S.C. § 1983, Due Process and First Amendment Violations; ORS 659A.203 Retaliation; Defamation, Interference with Prospective Contract) |
| **CITY OF PORTLAND; PORTLAND POLICE BUREAU CHIEF MIKE REESE; ASSISTANT CHIEF ERIC HENDRICKS; and LT. RACHEL ANDREWS,** in their official and individual capacities. | **JURY TRIAL REQUESTED** |
| Defendants. | **(Not subject to mandatory arbitration)** |

### NATURE OF THE CASE

1.

This is an action pursuant to 42 U.S.C. § 1983, ORS 659A.203, ORS 659A.230, and

common law to compensate plaintiff for damages, including mental anguish and distress,

humiliation, loss of public esteem, respect, good will and confidence for defendants' deprivation of plaintiff's property interest, liberty interest and loss of reputation in the community.  Plaintiff, former Portland Police Sergeant Doug Justus, who at relevant times throughout this matter worked in the Vice Unit on human and child sex trafficking cases was a 25 year officer with the Portland Police Bureau.  Among other violations described herein, plaintiff was retaliated against for exercising his right to free speech protected by the First Amendment of the U.S. Constitution. Plaintiff spoke out on matters of public concern and engaged in whistleblowing regarding the City's misuse of power, misuse of resources, negligence and/or misfeasance regarding human and child sex trafficking cases, unlawful activity and matters of public safety.  Former Sergeant Justus spoke out in four separate contexts over the course of eight months in 2010, exercising his rights: (1) when speaking to the public and to journalist Dan Rather on the weekly news show *Dan Rather Reports* about the extent of the human and child sex trafficking and child prostitution crimes in Portland and the fact that Portland had only two other vice officers on those cases (compared to approximately 50 vice officers for drug crimes); (2) when testifying against the City in an arbitration regarding unpaid overtime issues in which the City was found to be liable; (3) when speaking on several occasions with an investigative journalist and director from *America's Most Wanted,* a television show which is produced to assist law enforcement in the apprehension of fugitives and to assist in finding missing children. When *America's Most Wanted* sought out plaintiff on a matter involving a missing child who testified against her former pimp, plaintiff spoke out and stated how the case involving the missing child had fallen

////

////

Page 2 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

through the cracks at the agency handling it and involved failures in communication. And, finally, (4) plaintiff spoke out by reporting and opposing the retaliation, including bringing a union grievance for one retaliatory act which included reduction in hazard pay, a grievance on which he prevailed. Plaintiff's speech and whistleblowing on matters of public safety, occurring over the eight month period, lead to unbearable working conditions, a continuing pattern of harassment by defendants, a continuing pattern of retaliation including but not limited to demotions, reduction in pay, transfers all of which resulted in defendants eventually forcing plaintiff to resign on January 13, 2011, thereby constructively terminating him from a 25 year career serving the Portland Police Bureau.

2.

Plaintiff seeks to be made whole pursuant to his claims under 42 U.S.C. § 1983, ORS 659A.203, ORS 659A.230, ORS 659A.199, as well as common law claims and seeks compensation for damages, including mental anguish and distress, past and future medical expenses, humiliation, loss of public esteem, respect, good will and confidence, for losses resulting from defendants interference with plaintiff's prospective contract of future employment, loss of past and future wages, and loss of benefits, including a loss of a higher monthly retirement benefits due to the retaliatory demotion. This is also an action to vindicate plaintiff's rights and the rights of other employees to work in environments free from retaliation for whistleblowing and to make plaintiff whole. Plaintiff also seeks injunctive relief.

///

///

///

## JURISDICTION AND VENUE

Page 3 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

3.

The relevant facts and employment practices alleged herein were committed in Multnomah County, Oregon.

4.

Plaintiff has satisfied all administrative requisites before filing this lawsuit.  Plaintiff sent the necessary notice of tort claims within 180 days of the tortious conduct described herein.

**PARTIES**

5.

Plaintiff **Doug Justus** is a resident and citizen of the City of Ridgefield, Washington.  At all material times plaintiff was employed by the City of Portland in the Police Bureau.

6.

At all material times the defendant **City of Portland** was and is a municipal corporation operating under the laws of Oregon, and was plaintiff's employer.

7.

At all material times, Portland Police Bureau Chief Mike Reese was and is a management employee of the City of Portland and a resident of Oregon.  At all material times, from May 12, 2010, to present, Chief Reese had final authority regarding policies, procedures, practices, customs, and personnel decisions, and final authority to make, ratify, approve, or disapprove decision-making of lower management in the Portland Police Bureau.

///

Page 4 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

8.

At all material times, Assistant Chief Eric Hendricks was and is an employee of the City

of Portland and a resident of Oregon.  At all material times, defendant Hendricks had managerial

authority to act on behalf of the City.  Hendricks was a Captain in the traffic division until the

retirement of Assistant Chief John Eckhart on July 2, 2010 at which time Chief Reese appointed

Hendricks to replace Eckhart as Assistant Chief.

9.

At all material times, Lieutenant Rachel Andrews was and is an employee of the City of

Portland and is a resident of City of Ridgefield, Washington.  At all material times, defendant

Andrews had managerial authority to act on behalf of the City.

## FACTUAL ALLEGATIONS

10.

Plaintiff was hired by the Portland Police Bureau on or about July 4, 1986.  Over the

course of his 25 year career with the Bureau, plaintiff served four years as a patrolman, four

years as a gang enforcement officer, six years as a detective, and eleven years as a sergeant.  In

2007 plaintiff joined the Drug and Vice Division and established himself as a passionate

investigator of human and child sex trafficking cases and a staunch advocate of the role of his

work within the larger Bureau.

///

///

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

11.

Over the course of his career, plaintiff received over 50 commendations and six awards, including Officer of the Year, as well as countless letters from citizens and victims whose lives he positively impacted. Prior to working for the City of Portland, he also had over four years of experience as a police officer with the City of Beaverton.

12.

In or around June 2007, plaintiff began working in the Vice Division handling vice detail involving human and sex trafficking and prostitution cases for the Portland Police Bureau.

13.

In March 2010, *Dan Rather Reports*, a weekly news show, started filming the Portland Vice Unit as it related to cases involving human and child sex trafficking. The producer received prior permission from the City to film.

14.

On or about April 2010, *Dan Rather Reports* interviewed plaintiff regarding matters of human and child trafficking. During Dan Rather's interview of plaintiff, management personnel such as plaintiff's commander, and several other captains and lieutenants were in the room observing what plaintiff said. The interview took approximately three hours, during which plaintiff spoke out on the magnitude of the human and sex trafficking crimes in Portland, Oregon, and the allocation of the City's resources to the prevention of related crimes. After the interview, Commander Mike Crebs was upset with plaintiff and yelled at him, stating the reason

Page 6 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

he was yelling was that plaintiff had used a swear word during the interview and it needed to be edited.  Plaintiff used words relevant to child prostitution cases like "blow job."

15.

Following the interview, Dan Rather asked plaintiff to take him and the film crew around Portland specifically to show them strip clubs.  Lt. Mike Marshman then came to plaintiff and stated that (now former, retired) Asst. Chief John Eckhardt insisted that Marshman chaperone plaintiff because the Eckhardt feared plaintiff would "embarrass the City" of Portland. Marshman said he did not want to do it, but he was following orders.  Plaintiff responded it was degrading, and resisted the chaperoning.  After a short time passed, Commander Crebs called plaintiff into his office and stated, "**you can go on your own but if you embarrass the City, you will be in big trouble.**"

16.

In May 2010, plaintiff spoke regarding elimination of "on-call" pay, that he and two other Sergeants split between them.  At a meeting in front of 40 detectives and sergeants, in his capacity as the union representative for detectives and sergeants, plaintiff asked Asst. Chief Eckhardt about the reduction in pay and management's business reasons for that reduction in pay.  Later the same day as the roll call meeting, plaintiff was asked to meet with Commander Crebs.  During this meeting, Crebs accused plaintiff of embarrassing Eckhardt by inquiring about the on-call pay decision.

///

Page 7 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

17.

Following plaintiff's speech as a union representative, Crebs informed plaintiff that Crebs was taking away plaintiff's six percent hazard pay increase associated with his duties in the vice unit. Crebs stated further that if plaintiff ever asked questions like he had in the roll call meeting, he would demote him from sergeant to detective and remove him from his supervisory role.

18.

On or around May 12, 2010, Mayor Sam Adams fired Portland Police Chief Rosie Sizer and replaced her with current Police Chief Mike Reese who took over authority of the Bureau.

19.

On May 17, 2010, *Dan Rather Reports* aired its 517 episode. The episode involved the sex trade and child sex trafficking in Portland, Oregon. The show's description summarized the episode as a special report about the sex trade and sex trafficking, especially involving children and how Portland police feel understaffed and overwhelmed with the widespread crimes involving young girls being sold for sex. The focus was on how Portland is becoming a major center for child trafficking and juveniles are being forced everyday to sell their bodies. Plaintiff was the police officer to whom Dan Rather referred in the show's description.

20.

Soon thereafter, plaintiff learned that the Chief's office and the Mayor's office were very upset. Plaintiff also learned, on the other hand, that Lt. Marshman said it was the best show he had seen dealing with human and child sex trafficking.

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

21.

In late July or early August 2010, the City assigned plaintiff a new supervising officer,
defendant Lt. Rachel Andrews. Shortly after learning of this, plaintiff feared Lt. Andrews would
engage in a pattern of bullying, harassment, and baseless accusations in an attempt to have
plaintiff removed from the vice unit. And soon thereafter, in fact, Lt. Andrews started harassing
and berating plaintiff.

22.

In or around the second week of August 2010, plaintiff began his volunteer work
assisting in organizing and raising funds for the Western State Vice Investigators Association
Conference, set for August 23-27, 2010. The Association is a non-profit with 700 members from
23 states that presents training symposiums. Past presentation topics have included the sex-slave
industry, investigating human trafficking, investigating internet prostitution, investigating
internet predators, investigating child prostitution and investigating child pornography. Plaintiff
approached defendant Hendricks to inquire about Portland Police Bureau contributing funds
since the bureau was the main sponsor of the 2010 symposium. Hendricks replied that PPB had
no funds that could be used for that purpose. Plaintiff learned that the Mayor's office may have
funds available. Plaintiff met with Mayor Adams and asked him to give a speech at the
conference and asked about funds to sponsor the conference. Mayor Adams agreed to speak and
directed plaintiff to his Chief of Staff Robin Springer to arrange $5,000 to sponsor the

Page 9 – **COMPLAINT**

conference.  Plaintiff also put together a fundraiser, "a bunco game night," raising approximately $4,000 to contribute to the conference.

23.

On or around August 23, 2010, Mayor Adams, speaking to attendees of the Western States Vice Investigators Conference, thanked "Sergeant Doug Justus and his small team," and announced plans to "double" the number of officers in the PPB vice unit, and announced his plans to build a shelter for victims of human and child sex trafficking.

24.

On or around August 24, 2010, Lt. Andrews directed plaintiff to meet with her and defendant Reese.  Defendant Hendricks and Commander Famous were also present for this meeting.  Defendant Reese began by accusing plaintiff of going behind his back to the office of the Mayor in order to secure more officers in the vice unit.  Plaintiff denied this, stating that he was not aware of any plans to increase vice until the announcement was made by the Mayor during his speech at the symposium. At this point, Lt. Andrews stated to Chief Reese that, because plaintiff had filed a union grievance related to hazard pay for vice unit officers, that Mayor Adams' proposed staffing increase would cost the Bureau much more than he might expect.

///

///

///

Page 10 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

25.

Also during the August 24, 2010, Assistant Chief Hendricks and Commander Dave Famous instructed plaintiff to keep them both informed concerning his interactions with the Mayor's office and his interactions with the vice unit.  Plaintiff agreed that he would.

26.

On or about August 25, 2010, the Mayor's office contacted plaintiff to arrange the attendance of some officers from the Conference at a lunch meeting with the Mayor and his staff. Plaintiff agreed to attend.  As he agreed he would, plaintiff contacted Hendricks and Famous to inform them of the meeting with the Mayor.

27.

On or around August 26, 2010, Lt. Andrews approached plaintiff at the Conference and began yelling at and berating him in the presence of other officers, screaming at plaintiff "What the fuck are you thinking?"  Andrews accused plaintiff of failing to follow the chain of command in that he contacted Hendricks and Famous directly concerning the meeting with the Mayor, instead of working through Andrews, his supervising officer.  Plaintiff responded that he had been asked by Hendricks and Famous to keep them apprised, and this is all he had done. Humiliated and embarrassed plaintiff ended the conversation and declined to engage in further conversation with Andrews at that time because of her hostile attitude.

///

///

Page 11 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

28.

About the end of August, plaintiff was contacted by Libby Spears, a director for the television show "*America's Most Wanted*" ("AMW").  Running for 23 years, *America's Most Wanted* is the longest running program of its kind, and has as its goal and results the assistance of law enforcement in the apprehension of criminals and fugitives.  Over the course of its history, the show has assisted in capturing over 1100 individuals.  The show profiles missing persons, especially children.  Through *Dan Rather Reports*, Spears had learned about plaintiff's human and child sex trafficking-related work, particularly the case of a missing child, forced into prostitution, who testified against her pimp and thereafter went missing.  Spears was interested in creating an episode of AMW centering on this particular unsolved case that plaintiff had mentioned to Dan Rather.

29.

On or around August 26, 2010, plaintiff attended the meeting called by Mayor Adams. The Mayor, his chief of staff Robin Springer, Assistant Chief Hendricks, Lt. Andrews, and other officers were present.  During this meeting, Lt. Andrews persisted in her continuing pattern of yelling at and berating plaintiff for failing to follow the chain of command and going to Hendricks and Famous directly concerning this meeting.

///

///

///

Page 12 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

30.

On or around September 5, 2010, plaintiff met with Lt. Andrews and Libby Spears to discuss the schedule of filming, including a trip to Everett, Washington, to interview the victim's family.

31.

On or around September 9, 2010, plaintiff conducted an undercover mission which was filmed by the ABC television show Nightline. Just before the mission, plaintiff was approached by Lt. Andrews, at which time she falsely accused him of not informing her that Nightline would be filming the mission and falsely accused plaintiff of not filling out a proper Operation Plan. Plaintiff had in fact informed her, had filled out the Operation Plan paperwork, and had received her approval for the mission.

32.

On or about September 16, 2010, plaintiff, filmmaker and director Libby Spears, and her cameraman traveled to Everett, Washington, to interview the family of the trafficking victim that was to be the subject of the AMW episode. Plaintiff had notified Sgt. Mike Geiger as well as all the officers in his unit, that he would be gone the entire day. However, Lt. Andrews called plaintiff en route to Everett, falsely accusing him of skipping work and not notifying her that he would be in a different state. Plaintiff reminded Lt. Andrews of their September 5, 2010, meeting, for which she had been present, when the trip was arranged and approved.

///

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

33.

On or about September 21, 2010, plaintiff spoke again to Libby Spears about matters of

public concern involving the missing child case and the child sex trafficking industry in Portland.

While plaintiff's interview was being filmed by AMW at Madison's Bar and Grill in Portland,

when plaintiff was off duty, Lt. Andrews called plaintiff and again engaged in yelling and

verbally berating him.  This time she was yelling at him regarding a prisoner pick up that

plaintiff authorized, that had in fact been arranged and approved by Lt. Andrews.  After speaking

with Lt. Andrews, plaintiff called Commander Famous and reported Lt. Andrews' call.

34.

On September 22, 2010, plaintiff met with Commander Famous to discuss Lt. Andrews'

retaliatory, berating, embarrassing, and harassing behavior toward plaintiff.  Lt. Andrews tried,

on at least three occasions, to interrupt this meeting but each time was ordered by Commander

Famous to leave.  Plaintiff informed Famous that he would be out of the office for about 10 days

for vacation.  Famous attempted to assuage plaintiff's concerns and replied that plaintiff should

not worry about the matter, and that it would be taken care of when plaintiff returned.

35.

Soon after AMW September 21, 2010 interview of plaintiff, while Libby Spears and her

film crew were still in Portland, the prosecutor's office somehow learned of the interview and

was directed to review the film of plaintiff's interview.  The prosecutor's office staff met with

Spears at a film location in Portland and reviewed the film.  No one from that office told Spears

Page 14 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

to delete, censor or edit anything plaintiff had stated, nor was there any indication of any concerns related to the interview containing speech that was unprofessional, harmful to any pending case, or in any way harmful to the public.

36.

On or about October 5, 2010, upon returning from vacation the previous day, plaintiff met with Commander Famous, Lt. Mike Marshman, and his union representative Jim McCauslind. Commander Famous began by accusing plaintiff of having a drinking problem. The problem was purportedly based upon Lt. Andrews' perceptions during the telephone call while she berated him at Madison's Bar and Grill, and her allegations that plaintiff was speaking fast while she yelled at him during his interview with AMW. Commander Famous stated that he could get help if plaintiff had a drinking problem. Plaintiff responded that he did not have a drinking problem, that there witnesses that could be spoken to who observed plaintiff at Madison's during the AMW interview, and that he wanted to resolve the issues of Lt. Andrews' continuing harassment and retaliation.

37.

On October 5, 2010, during that meeting Commander Famous stated that the ability to resolve plaintiff's retaliation and harassment complaints of Lt. Andrews had been taken away from the Commander. Famous refused to listen to anything further that plaintiff attempted to say.

///

Page 15 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

38.

On October 5, 2011, at the close of the meeting, Commander Famous told plaintiff he

was being transferred to the Telephone Report Unit (TRU). Plaintiff was demoted effective

immediately to a unit widely viewed within the Bureau as a punitive demotion and transfer.

39.

On or about the first week of October, 2010, defendant Andrews formally filed an

Internal Affairs complaint against plaintiff alleging that plaintiff had yelled at her and had a

problem with alcohol.

40.

On or about October 7, 2010, due to the overwhelming stress and continuing pattern of

retaliation, plaintiff began having chest pains and was taken to the emergency room. He was

admitted to Legacy Hospital in Vancouver, Washington and diagnosed with having a stress-

induced panic attack. Later that evening, Chief Mike Reese visited plaintiff and appeared to

plaintiff to be very apologetic about recent events. Plaintiff stated to Reese his view that what

was happening to him was unfair. Reese replied that he was obliged to protect Lt. Andrews

"because she was a protected class."

41.

On or about November 14, 2010, Assistant Chief Hendricks called plaintiff to discuss the

sex trafficking case that was the subject of the AMW episode plaintiff was involved with.

Plaintiff was to travel to Washington, D.C., the next day to meet with John Walsh, the host of the

Page 16 – **COMPLAINT**

show, and to be interview and filmed concerning the case. At the end of the phone conversation,

Hendricks ordered plaintiff not to go to Washington, D.C. Plaintiff asked Hendricks why, and

Hendricks replied that the AMW episode, and plaintiff's involvement with it, had the potential to

harm the ongoing investigation. Plaintiff pointed out to Hendricks that prosecutor's office had

reviewed the film produced by AMW on the case and concluded that nothing about the episode

would have a negative impact on the Bureau's ongoing investigation. Hendricks did not

respond. Plaintiff stated that he and his wife had already purchased airfare, Hendricks responded

"I don't care."

42.

On November 15, 2010, Lt. Mike Marshman called plaintiff and informed plaintiff that

Hendricks had reversed his decision and was now ordering plaintiff to fly to Washington, D.C,

because the top commanders at the Bureau were afraid of making Portland Police look bad to

AMW by not showing up. Marshman further informed plaintiff that he, Marshman, was ordered

to accompany plaintiff to Washington, D.C., as a chaperone so that plaintiff "wouldn't say

anything that would embarrass the Portland Police Bureau." Moreover, Marshman conveyed

orders given by defendant Hendricks, directing plaintiff not to discuss the details of the sex

trafficking case that was the focus of the episode.

///

///

///

Page 17 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

43.

On November 16, 2010, the host John Walsh said this had had happened only one other

time in 25 years and was upset that plaintiff was ordered by City management not to speak out

about the missing girl case, which was the point of the show.  Plaintiff was filmed the same day

providing censored and circumspect speech on the matter, as ordered.

44.

On or about December 6, 2010, plaintiff sought a position to transfer and interviewed

with Captain Michael Leloff for an open position in the Drugs and Vice Division ("DVD").

Because Assistant Chief Hendricks had demoted plaintiff to the TRU, it was he who would have

final authority on whether to give plaintiff the DVD position.  Plaintiff arranged to meet with

Hendricks the following day at 4pm.

45.

Plaintiff was qualified for the open position in the Vice and Drugs Division.

46.

On or about December 7, 2010, plaintiff met with defendant Hendricks to discuss the

DVD position.  Plaintiff stated that he was more than qualified for the position and it would

reduce tensions because he would not be working with defendant Andrews.  Hendricks

responded by stating that plaintiff was the problem.  Plaintiff replied that all the accusations

leveled against him by Andrews were false, that Internal Affairs had yet to interview him, and

when they did, Hendricks would learn that Andrews had made false allegations including false

Page 18 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

statements that plaintiff was drunk at Madison's and had a drinking problem.  At this point

Hendricks became angry and stated again that plaintiff was the problem.

47.

On December 7, 2010, during that meeting, Hendricks stated to plaintiff, "no matter what

the I.A. investigation shows, you will be transferred to the central graveyard shift as a street

sergeant where you will spend the rest of your career."

48.

Shortly after the interview with Hendricks concluded, plaintiff received a call from

Captain Mike Lee, who informed plaintiff that he should clean out his office immediately.

Plaintiff complied.

49.

On or about December 15, 2010, Internal Affairs conducted an interview with plaintiff in

connection with the complaint filed by defendant Andrews in October 2010.  At this time,

plaintiff learned that the charges against him had changed from yelling at Andrews and having a

drinking problem to an allegation involving abusing prescription drugs and not following the

chain of command.

50.

Following the meeting when plaintiff was told he would spend the remaining life of his

career as an officer on a beat in Central Portland during graveyard, and given the stress,

humiliation, continuing pattern of retaliation, no indication from management that any

Page 19 – **COMPLAINT**

meaningful action would be taken to end harassment and retaliation, and given a demotion where

he feared that, given greater opportunities of being unsafe back on the street in downtown

Portland, plaintiff and his wife decided to with the Retirement/Disability Board.

51.

On December 20, 2010, as a result of the above mentioned harassment and conditions,

plaintiff and his wife's met with the Retirement/Disability Board to inquire about retirement

options and retirement funds.  He also learned that had he learned that given the demotions, that

unless he retired by the end of January 2011 he would loose $357.00 per month for the rest of his

life due to the city putting him back in a patrol car.  Had he not been retaliated against and kept

his job as a detective in Vice, and retired in June 2012 as he planned, he would have earned an

additional $1000/month for the rest of his life.

52.

Given Hendricks' statement to plaintiff that he would remain in a patrol car the rest of his

career, given the stress and humiliation, given the unbearable and unsafe working conditions, and

as a result of the ongoing, continuing pattern of harassment and retaliatory actions taken against

him, plaintiff had no reasonable alternative but to retire from the Portland Police Bureau.

53.

On January 13, 2011, plaintiff retired and ended his 29 year career from the Portland

Police Bureau.

///

Page 20 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

54.

On or about that same time, plaintiff interviewed for a public safety officer position with Oregon Health Sciences University (OHSU). Plaintiff was forthcoming about the issues with is supervisors, and informed Assistant Chief of Public Safety at OHSU, Vicky Stormo, of the reasons behind his retirement from the Portland Police Bureau. Stormo replied that she had reviewed plaintiff's file and history with PPB and stated to plaintiff that she did not care what the City said about him, she wished to hire him for the position. Plaintiff signed a contract of employment with OHSU to begin work on April 4, 2011. The position paid approximately $80,000 per year and was where plaintiff planned to work for at least 10 years until he reached age 65.

55.

In or about the last week of March, 2011, plaintiff unexpectedly received a call from Assistant Chief Stormo at OHSU. Stormo informed plaintiff that she had learned of information in plaintiff's background that prevented her from hiring him. When plaintiff inquired as to what she had learned, Stormo replied that she could not tell him.

56.

OHSU hired the friend of Asst. Chief Eric Hendricks, Stan Grubbs, instead of plaintiff, for the position that plaintiff interviewed for as a result of representations and untruthful statements made by City management to OHSU.

///

Page 21 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

FIRST CLAIM FOR RELIEF

AGAINST ALL DEFENDANTS

**(Violations of 42 U.S.C. § 1983 – Free Speech Retaliation)**

57.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 56.

58.

As a public employee, plaintiff had a right to free speech.

59.

Plaintiff spoke out on matters of public concern and exercised his right to free speech on a controversial subject, a matter of public concern, and a subject critical to public agencies, their policies, management and administrators.  Plaintiff spoke out in public and in testimony and made internal reports on controversial subjects which implicated matters of public concern and public safety, including, but not limited to, the following:

(a)    Misuse of power, resources, and authority by a management level public employees of the City;

(b)    Negligence, misfeasance and/or malfeasance by the defendants involving human trafficking case(s);

(c)    Negligence, misfeasance an/or malfeasance by another governmental agency and an investigation/prosecution involving a missing young girl;

Page 22 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

(d)     Unlawful overtime pay activities by the City in which plaintiff testified against

the City as the interim police union president during an arbitration; and

(e)     Defendants' negligence and or misfeasance involving substantial and specific

danger to public health and safety.

60.

Acting under color of state law, and in the course and scope of their employment,

defendants violated plaintiffs' rights to free speech under the First Amendment when they

retaliated against plaintiffs for his speaking out on matters of public concern.  The harassment

and retaliation which constituted a continuous pattern of on-going conduct by defendants after

plaintiff's protected activity and speech as described above included, but was not limited to, the

following:

(a)     That defendants adversely altered the terms and conditions of plaintiffs'

employment from March 2010 through his constructive termination/forced

resignation on January 13, 2011;

(b)     That defendants subjected plaintiff to a hostile and retaliatory work environment,

unbearable work conditions, demotions, and undesirable positions given his 29

years of experience with the Police Bureau;

(c)     That defendants harassed and retaliated against plaintiff by reducing his pay and

his position from Vice Detective, which paid 6% above top step, to a supervising

detective at 3% above top step;

Page 23 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

(d)     That defendants retaliated against plaintiff by demoting him to the Telephone Report Unit on October 5, 2011;

(e)     That defendants harassed and retaliated against plaintiff by initiating and conducting a sham Internal Affairs investigation against him involving an unsubstantiated and untrue allegation about "being drunk" on a specific alleged date, a false allegation that later was revised by I.A. and/or management to a general allegation regarding the alleged abuse of prescription medication while off duty;

(f)     That defendants retaliated against and harassed plaintiff by refusing to transfer him to a preferable position commensurate with his nearly 25 years of experience as an officer with the Bureau;

(g)     That defendants retaliated against and harassed plaintiff by denying him the benefits and opportunity of the drugs and vice position, a transfer that he applied for in December 2010 and was denied to him at all times up to his forced resignation;

(h)     That defendants deprived plaintiff the benefits of pay and rank;

(i)     That defendants retaliated against and harassed plaintiff by threatening to and ultimately forcing his constructive termination, a pattern of retaliation by defendants which lead to Asst. Chief Hendricks finally stating to plaintiff on December 7, 2010, **"no matter what the I.A. investigation shows you will be**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

**transferred to Central graveyard shift as a street Sergeant where you will spend the rest of your career.**" This position, had plaintiff accepted, would have resulted in his suffering further monetary loss through a pay cut and significantly reduced monthly retirement pay/benefits for the remainder of his life;

(j)     That defendants subjected plaintiff to a continuing pattern of retaliation and tortious conduct that caused plaintiff to believe he had no reasonable alternative but to resign, thereby constructively terminating plaintiff from his nearly 25 year career on January 13, 2011; and

(k)     That defendants made derogatory, harmful and/or defamatory statements about plaintiff to a prospective employer, OHSU, as further retaliation, preventing plaintiff from securing gainful employment and causing a job offer, which was to pay $80,000 per year plus benefits, to be rescinded by OSHU.

61.

Plaintiff's protected speech was a substantial and motivating factor for the above described retaliatory actions and decisions made by the City and all defendants.

62.

As a result of the above and further allegations described herein, plaintiff suffered a deprivation of his constitutional rights by the City under color of state law because:

(a)     The violation he suffered was pursuant to a longstanding practice or custom constituting the standard operating procedure of the City; and/or

Page 25 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

(b)     Police Chief Reese, Assistant Chief Eric Hendricks, and Lt. Rachel Andrews were officials with final policy-making authority; and/or

(c)     Defendants and/or subsequent decision-makers higher up the chain ratified and/or acquiesced in the retaliatory actions; and/or

(d)     Defendants and/or subsequent decision-makers with the duty to investigate thoroughly plaintiff's complaints and prevent retaliation, ratified and/or acquiesced in the retaliation; and

(e)     Defendants and/or subsequent decision-makers higher up the chain directed, ratified, and/or acquiesced in an internal investigation against plaintiff that was pursued with intentional or reckless disregard for the truth and plaintiff's rights to a fair and impartial investigation.

63.

As a direct and proximate result of defendants' previously described wrongful conduct and violations of plaintiffs' constitutionally guaranteed rights, plaintiff has suffered economic damages, loss of certain employment benefits, decreased retirement benefits, the loss of subsequent employment, and is entitled to recover his lost wages, past and future, and lost medical benefits, medical expenses due to severe impact on his mental, emotional and physical state including hospitalization for chest pains and high blood pressure, and other expenses incurred in connection with his injuries caused by the actions alleged herein in an amount to be determined at the time of trial.

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

64.

As a further result of the City's violations of plaintiffs' constitutionally guaranteed rights alleged herein, plaintiffs suffered and continues to suffer severe emotional distress, mental pain and anguish, depression, malaise, damages for impaired reputation, and humiliation and other non-economic compensatory damages sufficient to compensate them for emotional pain and suffering and other non-economic losses, in an amount found appropriate by a jury.

65.

As a result of the unlawful actions alleged herein, plaintiff is entitled to equitable relief including but not limited to an expungement of all possible references to drinking and insubordination in his personnel files.

66.

Defendants' conduct in their individual capacity was intentional, deliberately indifferently and/or acting in reckless disregard for plaintiffs' federally protected rights.  Such conduct exceeds the bounds of social toleration and is of a sort that would be deterred by an award of punitive damages.  Plaintiffs are entitled to recover from each defendant punitive damages in an amount found appropriate by a jury to punish defendants and to deter similar conduct by these defendants and others in the future.

///

///

///

Page 27 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

67.

Plaintiff was required to hire an attorney to prosecute this action and is entitled to an award of reasonable attorneys fees, expert fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF

### AGAINST DEFENDANT CITY OF PORTLAND

### (ORS 659A.203 – Public Employee Whistleblower Claim)

68.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

69.

Plaintiff's disclosure to his superiors and the public of serious misconduct involving public officials and agencies were disclosures that plaintiff reasonably believed was evidence of a violations of law and/or mismanagement, and/or gross waste of funds, and/or abuse of authority, and/or a substantial and specific danger to public health and safety pursuant to ORS 659A.203 resulting from public action.   As such, his disclosures and speaking out on such matters as a whistleblower were protected activities.

70.

The City and Bureau retaliated as alleged above and treated plaintiff as insubordinate, as the problem, threatened discipline, threatened and implemented demotions/transfers, transferred plaintiff to less desirable job positions, interfered with plaintiffs to speak publicly about the same

Page 28 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

matters, subjected plaintiff to a continuing pattern of retaliation and harassment; subjected him to working conditions that caused a constructive termination given he had no reasonable alternative but to resign; and retaliated against him to his prospective future employer, OHSU preventing him for his next career.

71.

The actions of the City, its agents and employees acting within the course and scope of their duties as set forth above and incorporated into this paragraph violated plaintiff's rights under ORS 659A.203.

72.

Plaintiff's protected activity was a substantial and motivating factor for the above described retaliatory actions and decisions made by the City and all defendants.

73.

As a direct and proximate result of defendant's wrongful conduct, plaintiff has suffered economic damages and is entitled to an award of lost wages and benefits in an amount to be determined, plus prejudgment interest.

74.

Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to ORS 659A.885(a).

///

///

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

### THIRD CLAIM FOR RELIEF

#### AGAINST DEFENDANT CITY OF PORTLAND

**(42 U.S.C. § 1983 – Violation of Due Process Clause – Property Interest)**

75.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

76.

Plaintiff has a property interest and right to due process of the law, as guaranteed by the Fourteenth Amendment to the Constitution in his position as a Sergeant in the Vice Division.

77.

Plaintiff suffered deprivations of his property interest under color of state law because

(a)     the violation he suffered was pursuant to a longstanding practice or custom constitution the standard operating procedure of the City's police bureau;

(b)     individual city employees including defendants Andrews, Hendricks who violated plaintiff's due process rights were doing so as officials with final decision-making authority; and/or

(c)     subsequent decision makers higher up the chain, including Reese, ratified the demotions, transfers, reductions in pay, retaliation, harassment and forced resignation/constructive termination by failing to take action to prevent the retaliatory acts; and/or

Page 30 – **COMPLAINT**

(d)    subsequent decision makers with obligations to report and investigate failed to

fulfill these duties.

78.

As a result of the City's violations of plaintiff's constitutionally guaranteed rights,

plaintiff has suffered economic damages in an amount to be determined due to his demotions,

transfers, and forced resignation/termination.

79.

As a further result of the City's violations of plaintiff's constitutionally guaranteed rights,

plaintiff has suffered mental suffering, emotional and physical distress, damages for impaired

reputation and humiliation, and other non-economic damages for which plaintiff is entitled to

recover compensatory damages from the City in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF

### AGAINST ALL DEFENDANTS

### (ORS 659A.199 – Whistleblower Statute)

80.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

81.

Defendants discriminated against plaintiff in the terms, conditions and/or privileges of

employment due to plaintiff's good-faith reporting to his superiors of information that he

believed was evidence of violations of a state law and/or City of Portland rules or regulations.

Page 31 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

As such, his disclosures and speaking out on such matters as a whistleblower were protected activities.

83.

The actions of the City, its agents and employees acting within the course and scope of their duties as set forth above and incorporated into this paragraph violated plaintiffs rights under ORS 659A.199.

83.

Plaintiff's protected activity was a substantial and motivating factor for the above described retaliatory actions and decisions made by the City and all defendants.

84.

As a direct and proximate result of defendant's wrongful conduct, plaintiff has suffered economic damages and is entitled to an award of lost wages and benefits in an amount to be determined, plus prejudgment interest.

85.

Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to ORS 659A.885(a).

///

///

///

///

Page 32 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

## FIFTH CLAIM FOR RELIEF

### AGAINST ALL DEFENDANTS

### (ORS 659A.230 – Retaliation for Testifying or aiding in a Civil Proceeding)

86.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

87.

Defendants discriminated against plaintiff in the terms, conditions and/or privileges of employment due to plaintiff's good-faith testimony in a civil proceeding concerning unlawful overtime-related employment practices committed by defendant City of Portland.

88.

The actions of the City, its agents and employees acting within the course and scope of their duties as set forth above and incorporated into this paragraph violated plaintiffs rights under ORS 659A.230.

89.

As a direct and proximate result of defendant's wrongful conduct, plaintiff has suffered economic damages and is entitled to an award of lost wages and benefits in an amount to be determined, plus prejudgment interest.

90.

Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to ORS 659A.885(a).

Page 33 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

SIXTH CLAIM FOR RELIEF

AGAINST DEFENDANT CITY

**(Common Law – Wrongful Discharge)**

91.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

92.

Defendants retaliated against and forced the resignation of plaintiff because plaintiff asserted important statutory and constitutional rights. Those rights include plaintiff's statements regarding matters of public concern, including opposition to discrimination and unlawful conduct in the workplace, as well as matters of public safety, Police accountability and integrity, and negligence, misfeasance and/or malfeasance by the defendants involving the investigation of human trafficking case(s);

93.

Plaintiff does not have available to him adequate remedies under his statutory claims for relief and as a result is entitled to such remedies as exceed those awarded under other claims.

94.

As a direct and proximate result of defendants' wrongful conduct, plaintiff has suffered significant economic damages and is entitled to an award of his lost wages and benefits from the date of his forced retirement until trial in an amount to be determined at trial, plus front pay and prejudgment interest.

Page 34 – **COMPLAINT**

**SEVENTH CLAIM FOR RELIEF**

**AGAINST ALL DEFENDANTS**

**(Common Law - Intentional Interference with Economic Relationship)**

95.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

96.

Plaintiff, following his forced retirement from the Portland Police Bureau, established a professional relationship with Oregon Health Sciences University by signing a contract of employment with OHSU's office of Public Safety, establishing for plaintiff the promise of prospective economic benefits to be derived from the employment relationship.

97.

After Oregon Health Sciences University Assistant Chief of Public Safety Vicky Stormo, with whom resides hiring authority for that office, had agreed to hire plaintiff, defendants, in pursuit of an improper and retaliatory purpose, provided false, materially misleading, and/or defamatory information to Stormo concerning plaintiff.

98.

As a result of defendants' intentional and improper interference, Assistant Chief Stormo rescinded plaintiff's employment contract, terminating the prospective employment relationship and foreclosing the economic benefits plaintiff was to derive therefrom.

99.

Page 35 – **COMPLAINT**

Charese Rohny Law Office, LLC
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

As a direct and proximate result of defendants' interference, plaintiff has suffered significant economic damages and is entitled to an award of his future lost wages and benefits in an amount to be determined at trial, plus front pay and prejudgment interest.

### EIGHTH CLAIM FOR RELIEF

### AGAINST ALL DEFENDANTS

### (Common Law – Defamation)

100.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

101.

Defendants published to OHSU Assistant Chief of Public Safety Stormo, as well as other prospective employers of plaintiff, defamatory statements that have injured plaintiff's ability to pursue employment in his profession of over 29 years.

102.

As a direct result of the statements published to Assistant Chief Stormo and other prospective employers, which contain false allegations, plaintiff has been subjected to loss of public esteem, respect, good will and confidence and has experienced  Plaintiff has suffered and continues to suffer from significant emotional damage, including embarrassment and humiliation.  Defendants' wrongful actions toward plaintiff entitle him to economic and non-economic damages in amounts to determined at the time of trial.

Page 36 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

NINTH CLAIM FOR RELIEF

AGAINST DEFENDANTS REESE, HENDRICKS, AND ANDREWS

(Common Law - Intentional Infliction of Emotional Distress)

103.

Plaintiff realleges and incorporates as though set forth herein paragraphs 1 through 56.

104.

Defendant's committed the acts alleged herein and caused plaintiffs to suffer severe

emotional harm or acted under circumstances in which it was substantially certain that they

would suffer such harm.

105.

Defendant's acts were done recklessly and/or intentionally with an improper, abusive and

retaliatory motive.

106.

Plaintiffs and the defendants, by virtue of their supervisory capacity over plaintiff, have a

special relationship as a result of plaintiff's employment relationship which required the

defendants to act with due care to ensure that the plaintiffs would not experience emotional

distress as a result of defendants' reckless or intentional actions.

107.

As a result of defendants' extraordinary acts, plaintiff suffered severe emotional harm,

humiliation, and embarrassment as alleged herein for which he should recover from defendants.

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

108.

Defendants' wrongful actions toward plaintiff, entitles him to economic and non-economic damages all in an amount to determined at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.    Assume jurisdiction over each of the causes set forth herein.

2.    A declaration that the City has violated plaintiffs' constitutionally protected rights and an order requiring defendant to correct this deficiency.

3.    Grant a permanent injunction enjoining defendant, its owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice which retaliates against an employee on the basis of their exercising their right to free speech and whistleblowing matters of public concern on such terms as the court may direct.

4.    Grant equitable relief including but not limited to an expungement of all negative references to use or misuse of drinking, prescription medication and insubordination that may be in his personnel files.

5.    Order defendant to create, implement and carry out policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

Page 38 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291

6.      Order defendants to make plaintiff whole by compensating both plaintiffs for past and future pecuniary losses, including expenses, impairment of earning capacity, lost past and future earnings and benefits of employment, and such other losses as are awarded by a jury or otherwise established at trial.

7.      Order defendants to pay plaintiffs awards of compensatory damages for nonpecuniary losses, including physical and emotional injury, pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life in an amount to be determined by a jury.

8.      Order defendants to assess an award of punitive damages against the individual defendants in an amount to be determined by a jury.

9.      Award plaintiffs their costs of suit and his reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. § 1988 and ORS 659A.885.

10.     Order defendants to pay prejudgment and post judgment interest, as appropriate, on all amounts due to plaintiffs as a result of this action.

/////

/////

/////

////

////

////

Page 39 – **COMPLAINT**

**Charese Rohny Law Office, LLC**
1515 SW 5th Avenue, Suite 1010
Portland, Oregon 97201
Telephone: 503.449.2291

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED:  12TH day of January, 2012

CHARESE ROHNY LAW OFFICE, LLC

By: _____

Charese A. Rohny, OSB 953964
Of Attorneys for Plaintiff

Charese Rohny Law Office, LLC
1515 SW 5th Avenue, Suite 1010
Portland, Oregon  97201
Telephone: 503.449.2291